**CV-08 0918**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELIMELECH SCHONFELD,
on behalf of himself and all others similarly situated,

**CLASS ACTION COMPLAINT**

Plaintiff,

-against-

FEUERSTEIN, S

ROYAL OAK FINANCIAL SERVICES, INC.

MANN, M.

Defendant.
-----------------------------------------------------------x

FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
MAR 04 2008 ★
LONG ISLAND OFFICE

Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, bring this complaint against the above-named defendant, its employees, agents, and successors, and in support thereof alleges the following:

PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Elimelech Schonfeld (hereinafter "Schonfeld") is a resident of the State of New York, Kings County. On or about February 13, 2008, plaintiff received a debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5. Royal Oak Financial Services, Inc. (hereinafter "Royal Oak") is an Ohio business corporation engaged in the business of collecting debts. Upon information and belief its Trade Name, Collection & Recovery Bureau expired on July 8, 2007. The principal purpose of defendant is the collection of debts using the mails and the defendant regularly attempts to collect debts alleged to be due another. Its Registered Agent is listed as Dominic J. Spinazze, Esq., Lyden, Liebenthal & Chappell, Ltd., 5565 Airport Highway, Toledo, OH 43615.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust,

corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

7.  This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9.  There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.  Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(5), 1692e(14), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5);

b.  Whether plaintiff and the Class have been injured by the defendant's conduct;

c.  Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.  Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about February 13, 2008, defendant sent a collection to plaintiff demanding payment of a consumer debt. A copy of said letter is annexed hereto as **Exhibit A**.

16. The collection letter identified the collection agency as CRB. Said name is neither the true name of the debt collector's business nor does it represent a valid Trade name. **Exhibit B.**

17. The collection letter stated: "Unless this account or any portion thereof is disputed in writing within 30 days from receipt of this notice, we will assume this debt to be valid."

18. Said language violates 15 U.S.C. § 1692g(a)(3), which does not require a consumer to write the debt collector in order to rebut the debt collector's presumption of the validity of the debt.

19. Defendant's letter further stated "If you dispute this debt or any portion thereof within this 30 day time period we will furnish you with a verification of this debt or the name and address of the original creditor."

20. Said language violates sections 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5), which empowers a consumer within thirty days of receiving an initial collection letter to dispute the validity of a debt and to receive both verification of the debt and the name and address of the original creditor.

21. Upon information and belief, defendant collection agency has directed its collection correspondence to a New York City resident absent the requisite New York City Department of Consumer Affairs license. Said failure to secure the required license violates 15 U.S.C. § 1692e(5).

22. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

23. Each of the above allegations is incorporated herein.

24. Defendant's debt collection letter violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(5), 1692e(14), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

25. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: March 4, 2008
Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0165
Telephone (516) 522-2621
Facsimile   (888) 522-1692

**Exhibit A**

SYLVANIA OH 43560-2267
RETURN SERVICE REQUESTED

PHONE: 419-517-0064

**RB**

S-SFCRBC10 L-016 A-445917
P0GD7P00200004 00005
ELIMELECH SCHONFELD
1542 E 19TH ST
BROOKLYN NY 11230-7204

CRB
5634 MONROE ST STE A-142
SYLVANIA OH 43560-2267

Feb 13, 2008

| Account No.: | Amount: |
|---|---|
| 72050001306522 | $ 199.78 |

-- ✂ -- Detach Upper Portion And Return With Payment -- ✂ --

| Account No. | Original Creditor | Amount |
|---|---|---|
| 72050001306522 | CHARGE ME LATER | $ 199.78 |

Your account balance has been placed for immediate collection action. Please pay the balance due to CRB directly. In addition to mailing the payment, CRB accepts Electronic Checks, Visa, Mastercard, Discover, Moneygrams, and Western Union payments.

All balance are subject to credit bureau reporting after 30 days from the date of this notice.

Unless this account or any portion thereof is disputed in writing within 30 days from receipt of this notice, we will assume this debt to be valid. If you dispute this debt or any portion thereof within this 30 day time period we will furnish you with a verification of this debt or the name and address of the original creditor.

Sincerely,

*[signature]*

PAUL SNYDER

Western Union is accepted at any Western Union location
Use: "QUICKCOLLECT"
Western Union Location Number 800-325-6000
(with a Credit Card 800-225-5227)
Pay to: CRB Code City: AUDIO State: OH

OFFICE HOURS ARE: 9 AM - 9 PM MONDAY AND TUESDAY (EASTERN STANDARD TIME)
8 AM - 5 PM WEDNESDAY THROUGH FRIDAY
8 AM - 12 PM SATURDAY

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

---

We accept Money Orders, Moneygrams, Checks, Visa, MasterCard or Discover as a method of payment. If paying by credit or debit card you call the information in or complete and return this portion.

Date: Feb 13, 2008
Account Number: 445917
Original Creditor: CHARGE ME LATER

Check One: ☐ VISA  ☐ [MC]  ☐ [Discover]

Card #: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐   Security Code: ☐☐☐

Expiration Date: ___/___/___

Signature of Cardholder _____

Phone Number _____   Amount of Payment _____

**Exhibit B**

| DATE: | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|---|---|---|---|---|---|---|---|
| 07/15/2002 | 200219103512 | TRADE NAME/ORIGINAL FILING (RNO) | 50.00 | .00 | .00 | .00 | .00 |

**Receipt**
This is not a bill. Please do not remit payment.

LYDY & MOAN
ATTN: DOMINIC J. SPINAZZE
4930 HOLLAND-SYLVANIA RD
SYLVANIA, OH 43560

# STATE OF OHIO

### Ohio Secretary of State, J. Kenneth Blackwell

1328936

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

### COLLECTION & RECOVERY BUREAU

and, that said business records show the filing and recording of:

Document(s)
**TRADE NAME/ORIGINAL FILING**

Date of First Use: 03/02/2002
Expiration Date: 07/08/2007

Document No(s):
**200219103512**

ROYAL OAK FINANCIAL SERVICES, INC.
8904 ROYAL OAK DRIVE
HOLLAND, OH 43528



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 8th day of July, A.D. 2002.

*J. Kenneth Blackwell*
Ohio Secretary of State